Kenneth M. Jones, Esq. (SBN 140358)
Jessica E. Bradley, Esq. (SBN 250874)
**LimNexus LLP**
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA 90017
Tel: 2139559500
Fax: 2139559511
Kenneth.Jones@LimNexus.com
Jessica.Bradley@LimNexus.com

Attorneys for Defendant
WALMART INC. (erroneously sued as Walmart, Inc.)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACRETIA CULPEPPER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART, INC.; and DOES 1 to 10,<br><br>    Defendants. | Case No. 2:19-cv-01352-AB-MRWx<br><br>(Removed from the Superior Court of the State of California for the County of Kern, Case No. BCV-18-102582)<br><br>**STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATIONS**<br><br>Action Filed: October 11, 2018 |

## 1.   INTRODUCTION

### 1.1   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, it is hereby stipulated by and between Plaintiff Lacretia Culpepper ("Plaintiff") and Defendant Walmart Inc. (erroneously sued as Walmart, Inc.)("Walmart") (Plaintiff and Walmart are collectively referred to herein as "Parties" and singularly as "Party"), by and through their respective

counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate to and petition to the Court to enter the following Stipulation and Protective Order.

The Parties acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13, below, that this Stipulation and Protective Order does not entitle them to file Confidential information governed by Civil Local Rule 79-5 under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 1.2   GOOD CAUSE STATEMENT

The Parties contend that there is good cause and a particularized need for this Stipulation and Protective Order to preserve the interest of confidentiality and privacy of the Parties and/or potential third parties.

This employment matter arises out of claims for alleged wrongful termination, discrimination based on disability and race, retaliation, sexual harassment, and failure to reasonably accommodate. On July 9, 2013, Plaintiff was hired by Walmart as an hourly Service Deli Sales Associate at Store 2951 in East Lancaster, California.  On May 2, 2018, Plaintiff's employment with Walmart was terminated for the stated reason of "excessive tardies and/or absences".  Walmart contends that it had legitimate nondiscriminatory reason for terminating Plaintiff's employment; specifically, the "[Plaintiff] reached [the] allowed amount of occurrences in a six month period" in violation of Walmart's attendance policy. Plaintiff filed this claim on October 11, 2018 and now seeks relief for lost earnings

(past and future), medical expenses in the mount estimated to be no less than $200,000, relief for emotional distress (past and future) in an amount estimated to be no less than $200,000. In addition, Plaintiff seeks punitive damages, attorneys' fees and costs, statutory damages and penalties, prejudgment interest, and injunctive relief.

In light of the nature of the claims and allegations in this case and the Parties' representations that discovery in this case may involve the production of confidential records such as documents referring to or related to confidential and proprietary human resources or business information; confidential investigation records, financial records of the Parties; compensation of Walmart's current or former personnel; policies, procedures or training materials of Walmart; or Walmart's organizational structure; documents from the personnel, medical or workers' compensation file of any of Walmart's current or former employees or contractors; and documents relating to the medical or health information of any of Walmart's current or former employees or contractors.

There is a substantial risk of irreparable harm that will result in the disclosure and production of such documents during the discovery process including and not limited to the legitimate privacy rights of non-parties and the deprivation of their due process rights.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of Discovery Materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as Confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and

there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1    "Action" means the above-entitled action: *Lacretia Culpepper v. Walmart, Inc., et al.*, Central District of California Case No. 2:19-cv-01352-AB-MRW.

2.2    "Court" means the Honorable Andre Birotte Jr., Courtroom 7B, the Honorable Michael R. Wilner, Courtroom 550 or any other judge to which this Action may be assigned, including Court staff participating in such action.

2.3    "Confidential" means any Documents, Testimony, or Information, which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

2.4    "Confidential Materials" means any Documents, Testimony, or Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order and the disclosure of which is restricted or prohibited by applicable law, specifically including, but not limited to:

a.    any and all Documents referring or related to confidential and proprietary human resources or business information; confidential investigation records, financial records of the Parties; compensation of Walmart's current or former personnel; policies, procedures or training materials of Walmart; or Walmart's organizational structure;

b.    any Documents from the personnel, medical or workers' compensation file of any of Walmart's current or former employees or contractors; and

c.    any Documents relating to the medical or health information of any of Walmart's current or former employees or contractors.

d.    The Parties are not waiving their rights to create a new category for "Highly Confidential Materials" should the need arise. If the need arises, the Parties will meet and confer regarding modification of this Stipulation and Protective Order to include such a category.

2.5    "Designating Party" means the Party that designates Materials, as defined below, as "Confidential".

2.6    "Disclose" or "Disclosed" or "Disclosure" or "Discovery Material" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

2.7    "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence 1001, which have been produced in discovery in this Action by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

2.8    "Information" means the content of Documents or Testimony.

2.9    "Materials" means Documents, Testimony and Information collectively.

2.10    "Producing Party" means the Party producing the Materials.

2.11    "Receiving Party" means the Party receiving the Materials.

2.12    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13    "Testimony" means all depositions, declarations, or other testimony taken or used in this Action.

2.14    "Challenging Party" means a Party or Non-Party that cahllenges the designation of information or items under this Stipulation and Protective Order.

2.15    "Counsel" means outside Counsel of Record (as well as their support staff).

2.16    "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel

to serve as an expert witness or as a consultant in this Action.

2.17 "Party" means any Party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.18 "Protected Material" means any Disclosure or Discovery Material that is designated as "Confidential".

**3. <u>SCOPE</u>**

The Protections conferred by this Stipulation and Protective Order cover not only Confidential Materials (as defined above), but also (1) any information copied or extracted from Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any Testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Materials.

**4. <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulation and Protective Order will remain in effect until a Designated Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing of any motions or applications for extensions of time pursuant to applicable law.

**5. <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The Designating Party shall have the right to designate as "Confidential Material" only the non-public Materials that the Designating Party

in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or Non-Party, and that such risk cannot be avoided by less restrictive means.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection does not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5.2    Manner and Timing of Designations.    Any Materials to be designated as "Confidential" should be clearly so designated before the Materials are disclosed or produced. The Parties may agree that a case name and number are to be part of the "Confidential". The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Stipulation and Protective Order.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated material.

b. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or

ii. identify all Confidential Testimony at the deposition as "Confidential" within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential", as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential". If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

d. Any party designating any Confidential Information as Confidential may expressly waive such designation at any time after such designation is made, but such express waiver shall survive through the completion of this action. For purposes of this Protective Order, this action shall be considered

"completed" upon entry of a dismissal with prejudice of the entire action or upon ten days following the entry of judgment that has become final and non-appealable, or from which all appeals have been exhausted.

5.3 <u>Inadvertent Failures to Designate</u>. If Materials subject to a claim of privilege or confidentiality, including, but not limited to, the attorney-client privilege or the attorney work product doctrine ("Protected Materials"), is inadvertently disclosed or produced to another Party, such disclosure shall in no way prejudice or constitute a waiver of, or estoppel as to, any such claim of privilege or confidentiality, or evidentiary protection, to which the Producing Party or other person would otherwise be entitled.

a. If a claim of inadvertent disclosure is made by a Producing Party or other person, pursuant to this paragraph, with respect to such Materials then in the custody of a Receiving Party, the Receiving Party shall immediately, but in no event later than twenty (20) days of notice by the Producing Party or other person, (1) sequester and return or destroy all copies of such Protected Materials, along with any notes, abstracts or compilations of the content thereof; and (2) provide the Producing Party or other person written confirmation of the actions taken by the Receiving Party under this paragraph to sequester, destroy or return the Protected Materials. To the extent that a Protected Materials has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Materials extracted from the database. Where such Protected Materials cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

b. If, during the course of this litigation, a Receiving Party determines that any Materials produced is or may reasonably be subject to a legally recognizable privilege or evidentiary protection, the Receiving Party shall:

i. Refrain from reading the Protected Materials any more

closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;

ii.    Immediately notify the Producing Party in writing that it has discovered Materials believed to be privileged or otherwise protected;

iii.    Specifically identify the Protected Materials by Bates number or hash value; and

iv.    Immediately, but in no event more than twenty (20) days of discovery by the Receiving Party, sequester and return or destroy all copies of such Protected Materials, along with any notes, abstracts or compilations of the content thereof, and provide written confirmation thereof to the Producing Party. To the extent that a Protected Materials has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Materials extracted from the database.  Where such Protected Materials cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Materials.

c.    Having complied with the obligations delineated herein, the Party returning Protected Materials may then move the Court for an order compelling production of the Protected Materials, but that motion shall not use or disclose the privileged Materials or assert as a ground for entering such an order the fact or circumstances of the inadvertent production and may not argue that the claiming Party waived the privileged or otherwise protected nature of the Materials by its production thereof.  The Receiving Party is prohibited and estopped from arguing that:

i.    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii.	the disclosure of the Protected Documents was not inadvertent;

iii.	the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv.	the Producing Party failed to take reasonable or timely steps to rectify the error.

Such Materials may not be used or disclosed unless it is first adjudicated as non-privileged or non-confidential.  The Party seeking to compel production may not use the privileged or otherwise protected Materials to obtain an in camera review, but may only use relevant, lawfully obtained, non-privileged or otherwise non-protected Materials.

d.	The failure of a Party to return and/or destroy Protected Materials subject to a claim of privilege or confidentiality, including, but not limited to, the attorney-client privilege or the attorney work product doctrine, inadvertently disclosed or produced shall be deemed a material breach of this Stipulation and Order and no remedy at law will provide adequate relief.  In addition to the Disclosing Party's rights to damages and any other rights it may have, the Disclosing Party may demand specific performance of this Stipulation and Order, and is entitled to *ex parte* injunctive relief prohibiting the disclosure of such Protected Materials and for the return of such Protected Materials, including any copies disseminated to third parties, when a Party fails to comply with this paragraph.  No bond or other form of security need be posted or delivered as part of or as a condition to such relief.  To the extent permitted by applicable law, the Party failing to return Protected Materials subject to a claim of privilege hereby irrevocably waives any defense that it might have on the adequacy of a remedy at law which might be asserted as a bar to the remedy of specific performance or injunctive relief.

e.	If timely corrected, an inadvertent failure to designate qualified

information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and Protective Order for such material. Upon timely correction of a designation, the Receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Protective Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass to impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on this Challenge.

Any Party to this Action may within forty-five (45) calendar days of receiving material/information designated as "Confidential" notify a Designating Party hereto in writing that a portion or all of the material/information designated as "Confidential" is not entitled to such protection under the terms of this Stipulation and Protective Order.  The Parties shall first attempt, in good faith, to resolve such dispute by means of informal negotiation.  If such negotiation fails to resolve the dispute, then, within thirty (30) calendar days following the failure of such negotiations, the Party seeking to maintain such designation (i.e., the

Designating Party) shall file a motion seeking to uphold the designation of particular material/information as "Confidential". Material/information designated as "Confidential" shall retain its "Confidential" status until such time as either the Parties expressly agree otherwise in writing or the Court orders otherwise.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1  <u>Basic Principals</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Protective Order.

    7.2  <u>Disclosure of "Confidential Materials"</u>.  Unless otherwise ordered by the court, access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

        a.    the Court and related officials involved in this case, including judges, commissioners, referees, jurors, and other Court personnel and its reporters;

        b.    (1)    Attorneys of record in the Action and their affiliated attorneys,  paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Action and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation

and Protective Order and that they may not be Disclosed other than pursuant to its terms;

        c.    those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Action; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

        d.    court reporters in this Action (whether at depositions, hearings, or any other proceeding);

        e.    any deposition, trial, or hearing witness in the Action who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

        f.    any deposition or non-trial hearing witness in the Action who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

        g.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a

statement in the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A.

h.     outside Experts or Expert consultants consulted by the undersigned Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such Expert or Expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such Expert or Expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i.     any other person or entity that the Designating Party agrees to in writing;

j.     any document service retained by counsel for the parties for the limited purposes of photocopying or imaging documents or evidence or to prepare demonstrative or other exhibits for deposition, trial or other court proceedings; and

k.     any other persons the Court, after notice, may designate upon such terms as the Court finds proper and solely for use in connection with this Action.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

1       a.     promptly notify in writing the Designating Party. Such

2  notification shall include a copy of the subpoena or court order unless prohibited

3  by law;

4       b.     promptly notify in writing the party who caused the subpoena

5  or order to issue in the other litigation that some or all of the material covered by

6  the subpoena or order is subject to this Protective Order.  Such notification shall

7  include a copy of this Protective Order; and

8       c.     cooperate with respect to all reasonable procedures sought to be

9  pursued by the Designating Party whose Protected Material may be affected.

10       If the Designating Party timely seeks a protective order, the Party served

11  with the subpoena or court order shall not produce any information designated in

12  this action as "CONFIDENTIAL" before a determination by the court from which

13  the subpoena or order issued, unless the Party has obtained the Designating Party's

14  permission, or unless otherwise required by the law or court order.  The

15  Designating Party shall bear the burden and expense of seeking protection in that

16  court of its confidential material and nothing in these provisions should be

17  construed as authorizing or encouraging a Receiving Party in this Action to

18  disobey a lawful directive from another court.

19  **9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>**

20  **<u>PRODUCED IN THIS LITIGATION</u>**

21       a.     The terms of this Order are applicable to information produced

22  by a Non-Party in this Action and designated as "CONFIDENTIAL".  Such

23  information produced by Non-Parties in connection with this litigation is protected

24  by the remedies and relief provided by this Order.  Nothing in these provisions

25  should be construed as prohibiting a Non-Party from seeking additional

26  protections.

27       b.     In the event that a Party is required, by a valid discovery

28  request, to produce a Non-Party's confidential information in its possession, and

the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

          i.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

          ii.     promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

          iii.     make the information requested available for inspection by the Non-Party, if requested.

          c.     If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.**    **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this  Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

## 12. FINAL DISPOSITION

After the final disposition of this Action, upon written request made within thirty (30) days after the settlement or other termination of the Action, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each item marked as Confidential for purposes of upholding counsel's obligations owed to clients to maintain and preserve a complete client file, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such

materials, or (c) as to any Materials not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

**13. <u>FILING PROTECTED MATERIAL</u>.**

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

Where any Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding governed by Civil Local Rule 79-5, the Parties and any involved Non-Party shall follow those rules. The Parties agree to cooperate with each other in a good faith attempt to file any Confidential Materials under seal or, in the alternative, agree to not file certain Confidential Materials under seal if the Parties mutually agree that such is not necessary.

With respect to discovery motions or other proceedings not governed by Civil Local Rule 79-5, the following shall apply: If Confidential Materials, or Information derived therefrom are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

**14. <u>MISCELLANEOUS</u>**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of

any person to seek its modification by the Court in the future.

    14.2   <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    14.3   Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

        a.   operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

        b.   prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

            i.   to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

            ii.   to seek relief from the Court on appropriate notice to all other Parties to the Action from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Materials.

    14.4   Any Party to the Action who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

    14.5   Any Information that may be produced by a Non-Party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by

such Non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a Non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Non-Party to the authority of the Court in the Action to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14.6    If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14.7    Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

14.8    If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any

person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

14.9   This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

14.10 The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at trial and shall move the Court for entry of an appropriate order.

14.11 Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, except as otherwise addressed herein, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

14.12 This Stipulation and Protective Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Action is terminated.

14.13 After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials

that have been produced before the Court signs this Stipulation and Protective Order.

14.14 The Parties and all signatories to the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

14.15 This Stipulation and Protective Order may be executed in counterparts.

Dated: April 30, 2019        LIMNEXUS LLP
                             KENNETH M. JONES, ESQ.
                             JESSICA E. BRADLEY, ESQ.



                             By: /s/Jessica E. Bradley
                                 Jessica E. Bradley, Esq.
                                 Attorneys for Defendants Walmart Inc.
                                 (erroneously sued as Walmart, Inc.)

Dated: April 25, 2019        LYON LAW PC
                             GEOFFREY C. LYON, ESQ.
                             ALEXIS SADAKANE, ESQ.



                             By: /s/Geoffrey C. Lyon
                                 Geoffrey C. Lyon, Esq.
                                 Attorneys for Plaintiff Lacretia
                                 Culpepper

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: May 6, 2019

_____
THE HON. MICHAEL R. WILNER
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ [**full name**], of

_____ [**full address**], declare under

penalty of perjury that I have read in its entirety and understand the Stipulation

and Protective Order that was issued by the United States District Court for the

Central District of California on _____ in the Action, *Lacretia Culpepper*

*v. Wal-Mart Inc., et al.*, United States District Court for the Central District of

California Case No. 2:19-cv-01352-AB-MRW. I agree to comply with and to be

bound by all the terms of this Stipulation and Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulation and

Protective Order to any person or entity except in strict compliance with the

provisions of this Stipulation and Protective Order.

I certify that I understand that the Confidential Materials are provided to me

subject to the terms and restrictions of the Stipulation and Protective Order filed in

this Action. I have been given a copy of the Stipulation and Protective Order; I

have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials, as defined in the Stipulation

and Protective Order, including any notes or other records that may be made

regarding any such materials, shall not be Disclosed to anyone except as expressly

permitted by the Stipulation and Protective Order. I will not copy or use, except

solely for the purposes of this Action, any Confidential Materials obtained

pursuant to this Stipulation and Protective Order, except as provided therein or

otherwise ordered by the Court in the Action.

1   I further understand that I am to retain all copies of all Confidential

2   Materials provided to me in the Action in a secure manner, and that all copies of

3   such materials are to remain in my personal custody until termination of my

4   participation in this Action, whereupon the copies of such materials will be

5   returned to counsel who provided me with such materials.

6       I further agree to submit to the jurisdiction of the United States District

7   Court for the Central District of California for the purpose of enforcing the terms

8   of this Stipulation and Protective Order, even if such enforcement proceedings

9   occur after termination of this action. I hereby appoint

10  _____[**full name**] of _____[**full**

11  **address and telephone number**] as my California agent for service of process in

12  connection with this action or any proceedings related to enforcement of this

13  Stipulation and Protective Order.

14      I declare under penalty of perjury, under the laws of the State of California,

15  that the foregoing is true and correct.  Executed this _____ day of _____,

16  20____, at _____.

17  DATED:_____   BY:_____
                                              Signature
18
                                          _____
19                                           Title

20                                         _____
                                              Address
21
                                          _____
22                                           City, State, Zip

23                                         _____
                                              Telephone Number
24

25

26

27

28